Nott, J.,
delivered the opinion of the court:
This case depends entirely upon the construction of a private act of Congress. During the Mexican war a number of disbursing-'officers were required to discharge duties such as are usually discharged by officers in the civil departments of the Government, involving; the collection and custody of money. To compensate them for these extraordinary duties and risks. Congress passed the Act 3d March, 1849, (9 Stat. L., p. 412,) allowing them to retain a percentage to be fixed by the President of the United States. Two of these officers, Col. Daniel Randal], deputy paymaster-general, and Maj. A. D. Steuart, a paymaster, had, however, paid over and disbursed the moneys collected by them before the passage of the act. Accordingly, Congress passed for their benefit the private Act 18th August, 1858, (11 Stat. L., p. 409,) which, differing from the terms and conditions of the general act, directs that there be paid to these two officers “a commission of one per cent, upon such amounts of money as were respectively collected,” “ and by them disbursed or paid into the Treasury of the United States, in virtue of the authorities specially invested in them by order of the commanding general of the United States Army, and arising *542 from duties ou imports, taxes, or other assessments in Mexico, during the late war with that republic.."
Upon some of Colonel Randall’s collections and disbursements the commission was allowed by the officers of the Treasury, but there were some which were rejected and form the subject of the present suit. It seems that the collector at Yera Cruz apparently ñxed and determined the amount of duties upou some importations, and transmitted drafts for the collection thereof to the city of Mexico. These drafts were turned over to Colonel Randall. He collected the moneys due thereon. These moneys he retained, disbursed, and paid over to the Treasury, and the question is whether these services, with the attendant responsibility and risk, bring him within the terms of the private act.
It was undoubtedly the intention of Congress to treat the service of these officers in relation to the Mexican hostilities fund (as it was called) as extra services, for which extra compensation should be given. This compensation they placed in the form of a commission upon the amount collected and disbursed, and in the case before us there seems to have been both collection and disbursement. It may be said that the term collection was intended to cover all of the services of a preliminary nature by which the amount to be collected was ascertained. Undoubtedly, where such services were rendered, no other or additional compensation could be asked, but Congress did not make such preliminary labors a condition to the relief. The intention seems to have been that where the moneys came into the hands of the officer by his own action, whether trivial or laborious, and were faithfully kept and ultimately disbursed or paid over, he should receive his remuneration. In confirmation of this we may note that a subsequent act was passed for the relief of Major Steuart, and that one or two committees of Congress have reported bills for the relief now sought to be recovered. We think a fair construction of the act covers the case of the claimant.
The judgment of the court is that the claimant recover the sum of two thousand eight hundred and eight dollars and ninety-seven cents, ($2j808.97.)
Losing-, J., did not sit at the trial of this case, and took no part in the decision.